JAMES A. SCOTT *v.* T. F. SCOTT.

Judicial Sale—Promise to Restore Property—Accounting for Rent.
    The promise by the purchaser of property, at a judicial sale, to restore same, if his money was returned, does not imply a promise to account for rents or hire for the time he has used same.

APPEAL FROM MADISON CIRCUIT COURT.

January 26, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

From the letter of appellant to appellee and the testimony of witnesses who were present at the sale, and participated in the arrangement, it is manifest that the property of appellee was bought in by appellant for the former; and that by the arrangement, Ross, the creditor, was prevented from bidding, who proves he told appellant he would purchase the property for appellee if he did not, and he told him he would do it.

We concur, therefore, with the court, below in adjudging to appellee the price for which his undivided share in the land was sold.

The promise in the letter before referred to of appellant to appellee was to let him have his property if he would come home, and pay him his *money back;* there is no promise to account for rent or hire, nor is there any proof of any other terms upon which the right to redeem the property was secured, than by the restoration of the money paid out by appellant. And whether he would ever return and avail himself of that right was uncertain, for it does not appear that he notified appellant that he would do so.

The claim, therefore, made by appellee for rent and hire was properly rejected by the court below.

But in deducting the price paid by appellant for the property with the interest which is fixed at $491.58, and the amount of the note to James Scott and interest being $500.29, making together $991,87, from the price of the land, which is $1,239, the balance appears in the transcript before us, fixed at *$147.13.* This

is evidently a clerical misprision—as the true difference is $247.13-100, and if the copy in this court is a correct copy of the original record, the court below on motion for that purpose can correct the mistake.

The judgment must be *affirmed* on the original and cross-appeals.

*Burnam & Caperton, for appellant.*

*Turner, for appellee.*